UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:15-cr-0592-3 |
| : | |
| VICTOR MORALES : | |

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 312 – Denied

**Joseph F. Leeson, Jr.**                                                             June 25, 2025
**United States District Judge**

### I. INTRODUCTION

Victor Morales pled guilty to numerous offenses, including Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), arising from his participation in a string of armed robberies of businesses in Allentown, Pennsylvania. He filed a counseled Motion to Vacate Sentence under 28 U.S.C. § 2255 seeking relief pursuant to *United States v. Davis*, 588 U.S. 445 (2019), which held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. Because Morales's completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," the Motion to Vacate is denied.

### II. LEGAL STANDARDS

    **A.**     **Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v.*

1
062425

*United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)). There is a one-year period of limitations to § 2255 motions that runs "from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255(f)(3).

  **B.** *Davis* – Review of Applicable Law

The Supreme Court in *Davis* held that the residual clause of § 924(c) was unconstitutionally vague. *See* 588 U.S. 445. The Court reasoned that "the language of § 924(c)(3)(B)[1] is almost identical to the language of § 16(b)," which was ruled unconstitutionally vague the prior year in *Sessions v. Dimaya*, 584 U.S. 148 (2018). *See id.* (The residual clause in both statutes defines the term "crime of violence."). *Davis* announced a new rule of substantive law that was given retroactive effect for cases on collateral review. *See United States v. Taylor*, 596 U.S. 845 (2022) (accepting, without deciding, that *Davis* is given retroactive effect); *United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (finding that *Davis* is retroactive).

---

[1] Section 924(c)(3)(B) provides that the term "crime of violence" "means an offense that is a felony and . . . "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

### III.    BACKGROUND

For his involvement in a conspiracy to commit armed robberies, Morales pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), conspiracy to commit Hobbs Act robbery, and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  In two of the robberies, Morales entered the store armed with a firearm and in a third robbery, he remained in the car as the getaway driver while his co-defendant entered the store armed with a firearm.  *See* Presentence Report.  In each robbery, either Morales[2] or one or more of his co-defendants pointed a firearm(s) at a store employee and/or customer.  *See id.*  Morales controlled the firearms that he and his co-defendants used in the robberies.  *See id.*  Morales was sentenced pursuant to the enhanced penalties under § 924(c) on October 25, 2017.

On February 22, 2020, Morales filed a counseled Motion to Vacate Sentence under 28 U.S.C. § 2255, asserting that his § 924(c) conviction is unconstitutional pursuant to *Davis*.  ECF No. 312.  He acknowledges that the "predicate for the 924(c) conviction is Hobbs Act robbery." *See id.* at 6.  Although the motion was filed more than a year after his conviction became final, the motion was timely filed within one year of the decision in *Davis* and is therefore timely.  *See* 28 U.S.C. § 2255(f)(3).  A decision on the Motion was stayed pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c).  ECF No. 314.  On January 21, 2024, counsel filed a Notice of

---

[2]     During the robbery charged in Count 4, Morales brandished his firearm and forced two customers to sit on the ground while a co-defendant took money from the cash register at gunpoint.  *See* Presentence Report.  During the robbery charged in Count 6, Morales and a co-defendant pointed their firearms at the cashier and took money from the register.  They also ordered two customers to lie on the ground and took money from one of them.  *See id.*  Morales and the co-defendants split the money after the robberies.  *See id.*

Voluntary Dismissal on behalf of Morales seeking to dismiss the § 2255 motion. ECF No. 387. The request was granted and the Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 was dismissed on February 7, 2024. ECF No. 390.

On June 23, 2025, however, Morales filed a Motion to Clarify Dismissal of his § 2255 motion, alleging that he did not agree to a voluntary dismissal. ECF No. 418. In an abundance of caution, this Court vacated the voluntary dismissal and stated that it would reach a decision on the merits of his § 2255 Motion to Vacate. ECF No. 419. That motion is the subject of this Opinion.

## IV.    ANALYSIS

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence." *United States v. Stoney*, 62 F.4th 108, 110-11 (3d Cir. 2023). "[I]t is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998). The statute defines "crime of violence" as follows:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

*Davis* does not afford Morales any relief in the above-captioned action because his conviction for a completed Hobbs Act robbery satisfies the "elements clause" of § 924. *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The Motion to Vacate is therefore denied.

## V.   CONCLUSION

Morales is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction under § 924(c). The Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied and there is no basis for the issuance of a certificate of appealability.[3]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, reasonable jurists would not find this Court's assessment of the claim debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).